USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __4/26/22__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRITZ GERALD TOUSSAINT,

                Plaintiff,

-against-

METROPOLITAN HOSPITAL; PATROLMAN RIVERA,

                Defendants.

22-CV-2689 (ALC)

ORDER OF SERVICE

---

ANDREW L. CARTER, JR., United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action, alleging that Defendants violated his federal constitutional rights. The Court construes the complaint as also asserting claims under state law. By order dated April 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.      Metropolitan Hospital**

Metropolitan Hospital is an operating division of NYC Health + Hospitals, and is not a separate corporate entity subject to suit under New York State Law and New York City Charter. *See* New York City Charter § 396; *Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275, 287-88 (S.D.N.Y. 2006). The Court therefore dismisses Plaintiff's claims against Metropolitan Hospital. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court construes Plaintiff's claims against Metropolitan Hospital as brought against NYC Health + Hospitals. NYC Health + Hospitals is a public benefit corporation created by New York State law; it has the capacity to sue and be sued. N.Y. Unconsol. Laws §§ 7382, 7385(a). The Court directs the Clerk of Court to amend the caption of this action to replace Metropolitan Hospital with NYC Health + Hospitals. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses NYC Health + Hospitals may wish to assert.

**B.      Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants NYC Health + Hospitals and Patrolman Rivera through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Metropolitan Hospital. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add NYC Health + Hospitals as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for NYC Health + Hospitals and Patrolman Rivera, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   April 26, 2022
           New York, New York

                                              ANDREW L. CARTER, JR.
                                              United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. NYC Health + Hospitals
   125 Worth Street
   New York, NY 10013

2. Patrolman Rivera
   Metropolitan Hospital
   1901 1ˢᵗ Avenue
   New York, NY 10029